UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.  25-22451-CIV-DAMIAN

SERGIO MONTELIER CHAVIANO,

      Petitioner,

v.

PAMELA BONDI, *et al.*,

      Respondents.
_____/

## ORDER GRANTING IN PART
## AMENDED MOTION FOR EXPEDITED CONSIDERATION,
## ORDER TO SHOW CAUSE, AND STAY OF REMOVAL [ECF NO. 12]

**THIS CAUSE** is before the Court on Petitioner, Sergio Montelier Chaviano's ("Petitioner"), [Amended] Motion for Expedited Consideration, Order to Show Cause, and Stay of Removal [ECF No. 12] ("Amended Motion"), filed on June 3, 2025. On May 31, 2025, Petitioner filed an Amended Petition for a Writ of Habeas Corpus brought pursuant to 28 U.S.C. § 2241 [ECF No. 4] ("Amended Petition"), alleging, in relevant part, that agents of the Department of Homeland Security ("DHS") "arrested him in the halls of the Miami Immigration Court" and "belatedly and illegally attempted to initiate expedited removal proceedings against him. *Id.* ¶¶ 4–5. Petitioner alleges he is facing an imminent risk of expedited removal under 8 U.S.C. § 1225(b)(1). Mot. at 9. He therefore seeks a writ of habeas corpus and requests an order from this Court directing Respondents to show cause why his Petition should not be granted and staying Petitioner's removal and preventing his transfer outside of the Southern District of Florida pursuant to the All Writs Act, 28 U.S.C. § 1651(a).

"Section 2241 provides a writ of habeas may issue to a prisoner . . . [who is] in custody in violation of the Constitution or laws or treaties of the United States." *Medberry v. Crosby*, 351 F.3d 1049, 1059 (11th Cir. 2003). The Eleventh Circuit has made clear that "[t]he petition for writ of habeas corpus is the sole remedy for petitioners challenging the fact or duration of their imprisonment." *Vaz v. Skinner*, 634 F. App'x 778, 780 (11th Cir. 2015); *see also Gomez v. United States*, 899 F.2d 1124, 1125-26 (11th Cir. 1990) (citing *Preiser v. Rodriguez*, 411 U.S. 475, 504 (1973)). Upon entertaining a § 2241 habeas corpus petition, a court "shall forthwith award the writ of habeas corpus or issue an order directing the respondent to show cause why the writ should not be granted . . . . The writ[] or order to show cause shall be directed to the person having custody of the person detained. It shall be returned within three days unless for good cause additional time, not exceeding twenty days, is allowed."" 28 U.S.C. § 2243.

THE COURT having reviewed the Motion, the Amended Petition, the pertinent portions of the record, and relevant legal authorities, and being fully advised, it is hereby

**ORDERED AND ADJUDGED** that the Amended Motion [**ECF No. 12**] is **GRANTED IN PART** as follows:

1. Counsel for Respondents shall immediately, in writing, notify the Court of receipt of this Order and the name of the attorney(s) to whom the case is assigned.

2. On or before **June 6, 2025**, Respondents shall file a memorandum of fact and law ("Response") to show cause why the Petition should not be granted and shall file all documents and transcripts necessary for resolution of the Petition. *See* 28 U.S.C. § 2243 (requiring that a response to an order to show cause "be returned within three days unless for good cause additional time, not exceeding twenty days, is allowed").

3.   Counsel for Respondents are instructed to caption the response a "Response" and not a "Motion to Dismiss."

4.   Petitioner may, but is not required to, file a reply within **seven (7) days** after Respondents file their response. Any such reply shall not exceed ten (10) pages. *See* S.D. Fla. L.R. 7.1(c).

**DONE AND ORDERED** in Chambers in the Southern District of Florida, this 3rd day of June, 2025.

_____
**MELISSA DAMIAN**
**UNITED STATES DISTRICT JUDGE**

cc:   Counsel of record