UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 25-22451-CIV-DAMIAN

**SERGIO MONTELIER CHAVIANO**,

    Petitioner,

v.

**PAMELA BONDI**, *et al.*,

    Respondents.
_____/

## ORDER ON AMENDED PETITION FOR WRIT OF HABEAS CORPUS [ECF NO. 4] AND EMERGENCY MOTION FOR TEMPORARY RESTRAINING ORDER [ECF NO. 17]

**THIS CAUSE** is before the Court on Petitioner, Sergio Montelier Chaviano's ("Petitioner"), Amended Petition for Writ of Habeas Corpus, filed May 31, 2025 [ECF No. 4], and Emergency Motion for Temporary Restraining Order and Preliminary Injunction Staying Credible Fear Proceedings, filed June 8, 2025 [ECF No. 17 ("Emergency Motion")].

THE COURT has considered the Petition and Emergency Motion, the record, and relevant authorities, and the Court had the benefit of oral argument from the parties, who appeared, through counsel, before the undersigned on June 12, 2025.

In short, Petitioner seeks an Order from this Court staying the ongoing credible fear proceedings in which Petitioner is presently involved and directing the release of Petitioner from the custody of the Immigration authorities while his removal proceedings proceed. For the reasons set forth below, this Court denies the relief Petitioner seeks.

## I.   BACKGROUND

The facts set forth below are drawn from the parties' submissions and, unless otherwise indicated, are undisputed.

### A. *Petitioner's Initial Entry Into The United States And Apprehension By Immigration*.

Petitioner is a native and citizen of Cuba. *See* Am. Pet. [ECF No. 4] ¶ 22. On February 7, 2022, Petitioner entered the United States by crossing the border at or near Eagle Pass, Texas, without inspection. *Id*. He was immediately apprehended by U.S. Customs and Border Protection ("CBP") Officials and placed in civil detention. *Id.*; Resp. [ECF No. 23] at 2. Petitioner admitted he unlawfully entered without valid travel documents, and CBP determined Petitioner was inadmissible. *See* Am. Pet. at 5, n.4; [ECF No. 23-1 (Form I-213, Record of Deportable/Inadmissible Alien)]. As indicated in the Record of Deportable/Inadmissible Alien, dated February 10, 2022, Petitioner advised Immigration authorities that he was seeking asylum based on credible fear. *See* ECF No. 23-1.

On February 10, 2022, CBP initiated removal proceedings, pursuant to Section 240 of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1101 *et seq.*, by issuing a Notice to Appear ("NTA"), dated February 10, 2022, against Petitioner. *See* ECF No. 23-2. The NTA charged Petitioner with being removable under Section 212(a)(6)(A)(i) of the INA as an alien present in the United States without being admitted or paroled, or who arrived in the United States at any time or place other than as designated by the Attorney General. *See id*. The NTA explicitly informed Petitioner that he was not admitted or paroled and that he was subject to removal, and it ordered him to appear before an Immigration Judge in Miami at a date and time to be set. *Id*.

On February 22, 2022, Petitioner was served with an Order of Release on Recognizance (Form I-220A). *See* ECF No. 23-3. The Order of Release advised Petitioner that he had been placed in removal proceedings and that he was being released on his own recognizance, provided he must report for any future hearing date before the Executive Office for Immigration Review ("EOIR"); surrender for removal if so ordered; and report in person to a Deportation Officer in Miramar, Florida, on April 18, 2022. *Id*. Petitioner signed the Order of Release, acknowledging that although he was being released on his own recognizance, he was in removal proceedings. *Id*. By all accounts, Petitioner continued to appear as directed by Immigration Authorities.

### B. *Petitioner's Removal Proceedings*.

On April 14, 2023, Petitioner filed a Motion to Administratively Close Removal Proceedings before an Immigration Judge in Miami, Florida, so that he could pursue adjustment of status under the Cuban Adjustment Act.[1] *See* ECF No. 23-4 (Motion for Administrative Closure). In that Motion, Petitioner argued that his release qualified as "parole." *Id*. at 3–4. On April 17, 2023, the Immigration Judge in Petitioner's Removal Proceedings entered an Order stating that, after consideration of the facts and circumstances, Petitioner's Motion to administratively close his removal proceedings was denied. *See* ECF No. 23-5 ("Order of the Immigration Judge"). The Immigration Judge specifically indicated: "[Petitioner] is not yet prima facie eligible to adjust status as he has not been 'paroled' into the United States pursuant to section 212(d)(5) of the [INA]; the Court maintains jurisdiction over [Petitioner's] case." *Id*.

---

[1] Cuban Refugee Adjustment Act of November 2, 1966, Pub. L. No. 89-732, 80 Stat. 1161, as amended ("Cuban Adjustment Act").

On May 22, 2025, Petitioner attended a hearing at the EOIR, in Miami Immigration Court. At that hearing, the U.S. Department of Homeland Security ("DHS") made an *ore tenus* motion to dismiss Petitioner's removal proceedings pursuant to 8 C.F.R. § 239.2(a)(7) (DHS's exercise of prosecutorial discretion). *See* ECF No. 23-6 (Order on Motion to Dismiss). Acknowledging that the Motion was opposed by Petitioner, the Immigration Court granted the Motion. *Id*.

### C. Petitioner's May 22, 2025 Detention By Immigration Authorities.

Immediately after that May 22, 2025, hearing, authorities with Enforcement and Removal Operations ("ERO"), a division of Immigration and Customs Enforcement ("ICE"), encountered Petitioner and detained him pursuant to INA § 235, 8 U.S.C. § 1225(b). *See* ECF No. 23-7 (Declaration of Supervisory Detention and Deportation Officer ("SDDO") Gregory Valcourt) ¶ 13. And, on that same day, Petitioner was served with a Notice and Order of Expedited Removal, Form I-860 [ECF No. 23-8], and a Record of Sworn Statement in Proceedings under Section 235(b)(1) of the Act, pursuant to INA § 235(b)(1), 8 U.S.C. § 1225(b)(1) [ECF No. 23-9]. The Notice and Order of Expedited Removal informed Petitioner that DHS had determined that he is inadmissible under Section 212(a)(7)(A)(i)(I) and that he was ordered removed. [ECF No. 23-8].

The Record of Sworn Statement indicates that Petitioner was given an opportunity to provide a sworn statement in the proceedings but that he refused to do so without his attorney. [ECF No. 23-9]. ERO detained Petitioner at the Broward Transitional Center ("BTC"). *See* ECF No. 23-10 ("Detention History"). On May 30, 2025, ERO referred Petitioner's case to the U.S. Citizenship and Immigration Services ("USCIS") for a credible fear interview

4

pursuant to 18 C.F.R. § 208.30. *See* ECF No. 23-7, Valcourt Decl. ¶ 14. Petitioner has remained in Immigration custody since May 22, 2025. *See* ECF No. 23-10.

On June 3, 2025, Petitioner filed an appeal of the Immigration Judge's May 22, 2025, Dismissal Order with the Board of Immigration Appeals. *See* ECF No. 23-11. Petitioner's appeal remains pending, as does a decision from USCIS as it relates to the May 30, 2025, credible fear interview. *See* Valcourt Decl. ¶ 14.

### D. Petitioner's Proceedings Before This Court.

On May 29, 2025, Petitioner initiated these proceedings by filing a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. [ECF No. 1]. On May 31, 2025, Petitioner filed the Amended Petition, which is now before this Court. [ECF No. 4]. And, on June 8, 2025, Petitioner filed the Emergency Motion for Temporary Restraining Order and Preliminary Injunction Staying Credible Fear Proceedings. [ECF No. 17]. The following day, June 9, 2025, Petitioner filed a Motion to Produce the Body of the Petitioner. [ECF No. 21].

After this Court issued an Order to Show Cause [ECF No. 13] directing an expedited Response to the Amended Petition, on June 3, 2025, Respondents' counsel entered a Notice of Appearance, and on June 10, 2025, Respondents filed a Response to the Order to Show Cause.[2] [ECF No. 23].

On June 12, 2025, the parties appeared, through counsel, before the undersigned to be heard on the pending Amended Petition and Motions. *See* ECF No. 26. At the hearing, the undersigned directed counsel for Respondents to provide a status report informing the Court of the anticipated timing of Petitioner's upcoming third credible fear interview and any other

---

[2] In the Order to Show Cause, this Court directed Respondents to title their Response to the Order to Show Cause as a "Response" and not as a motion to dismiss. [ECF No. 13 at ¶ 3].

5

information that would indicate the possible timing of Petitioner's removal. *See* ECF No. 27. Respondents complied and filed a Status Report on June 12, 2025. [ECF No. 28]. In the Status Report, Respondents indicate that Petitioner's interview would not take place before June 23, 2025, and that Petitioner's counsel would be given advance notice of the interview so that she may attend. *Id*. Respondents also indicate that Petitioner will not be removed prior to completion of the credible fear interview and that, if Petitioner is determined to have not established credible fear, he may still request review of that determination by an Immigration Judge, which would involve full removal proceedings and a full hearing before an Immigration Judge. *Id*. The Status Report further indicates that Petitioner will remain detained during that process. *Id*.

## II.     PETITIONER'S CLAIMS FOR RELIEF

As indicated above, there are presently two substantive matters pending before this Court: (1) Petitioner's Amended Petition for Writ of Habeas Corpus [ECF No. 4]; and (2) Petitioner's Emergency Motion for Temporary Restraining Order ("TRO") and Preliminary Injunction Staying Credible Fear Proceedings [ECF No. 17]. This Court separately denied Petitioner's Motion to Produce the Body of Petitioner [ECF No. 21]. *See* ECF No. 31. These are discussed below, but the claims for relief in these pending filings are summarized here.

In the Amended Petition for Writ of Habeas Corpus, Petitioner claims Respondents lacked the authority to arrest and detain him because he has been in the United States for more than two years before the determination of inadmissibility and that he is statutorily exempt from expedited removal as a parolee. Am. Pet. at 14. Petitioner further claims that he is entitled to habeas review under the Suspension Clause of the United States Constitution. *Id*. at 17–18. Petitioner requests that this Court assume jurisdiction over the matter, set it for

expedited consideration, and grant Petitioner a writ of habeas corpus that orders his immediate release from Immigration custody. *Id*. at 20–21.

In the Emergency Motion for TRO and Preliminary Injunction, Petitioner requests the Court stay his ongoing credible fear process in order to preserve the status quo while Petitioner proceeds with his habeas proceedings before this Court. *See generally* Emer. Mot.

In their Response, Respondents contend that this Court lacks subject matter jurisdiction to review Petitioner's claims, that Petitioner was not paroled but was properly placed in removal proceedings, and that he has been given the process he is due under Congress's existing framework. *See generally* Resp. [ECF No. 23].

Petitioner filed a Traverse, or Reply, in Support of the Amended Petition on June 12, 2025. [ECF No. 29].

These matters are ripe for adjudication.

This Court begins its analysis, as it must, with a consideration of whether this Court has subject matter jurisdiction over Petitioner's claims.

### III.   SUBJECT MATTER JURISDICTION AND THE INA

Respondents argue that this Court lacks subject matter jurisdiction to consider Petitioner's claims for relief. "Federal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994) (internal citations omitted). Nowhere is this principle more rigorously applied than in immigration cases, where Congress has plenary authority to define the contours of judicial review. *See Fiallo v. Bell*, 430 U.S. 787, 792 (1977) (citations omitted). Thus, federal courts are under a continuing obligation to determine whether subject-matter jurisdiction exists. *Cadet v. Bulger*, 377 F.3d 1173, 1179 (11th Cir. 2004). If a federal court determines at any time during the litigation that it lacks subject-

matter jurisdiction, the court must dismiss the action. Fed. R. Civ. P. 12(h)(3). The party invoking the Court's jurisdiction bears the burden of demonstrating that the matter falls within the Court's subject-matter jurisdiction. *Taylor v. Appleton*, 30 F.3d 1365, 1367 (11th Cir. 1994).

Respondents' primary basis for arguing a lack of subject matter jurisdiction is the significant limitations Congress has placed on the power of federal courts to review expedited removal orders. *See* Resp. at 6 (citing *United States v. Herrera-Orozco*, No. C-11-542, 2011 WL 3739160 (S.D. Tex. Aug. 23, 2011) (citing *Brummer v. INS*, 275 F.3d 443, 447 (5th Cir. 2001))). Specifically, Respondents aver: "[T]hrough his habeas petition, Petitioner challenges his detention, which arose precisely from the expedited removal process. Based on the plain language of Congress's amendments to the Immigration and Nationality Act ("INA") in 1996, federal courts lack subject matter jurisdiction to hear any claims 'arising from' or 'relating to' the expedited removal process established by Congress under 8 U.S.C. § 1225(b)(1)." Resp. at 6 (citing 8 U.S.C. § 1252(a)(2)(A)(i)). Respondents go on to contend that "[b]ecause Petitioner's detention was a necessary part of the expedited removal process, it 'arises from' and is 'related to' that process, such that Congress's plain language in 8 U.S.C. § 1252(a)(2)(A)(i) precludes federal court review of Petitioner's habeas claim." *Id*.

The undersigned agrees with Respondents.

### A. The INA's Limitations On Review Of Expedited Removal Orders.

Petitioner, as all parties here agree, is the subject of an expedited removal order pursuant to 8 U.S.C. § 1225(b)(1)(A)(i). Judicial review of such an order is governed by 8 U.S.C. § 1252. *See Diaz Del Cid v. Barr*, 394 F. Supp. 3d 1342, 1345 (S.D. Fla. 2019) (citing *Castro v. U.S. Dep't of Homeland Sec.*, 835 F.3d 422, 426 (3d Cir. 2016) ("This statute narrowly circumscribes judicial review for expedited removal orders issued pursuant to § 1225(b)(1).")).

The statute provides that, "[n]otwithstanding any other provision of law (statutory or nonstatutory), including section 2241 of Title 28, or any other habeas corpus provision . . . no court shall have jurisdiction to review . . . any individual determination or to entertain any other cause or claim arising from or relating to the implementation or operation of an order of removal pursuant to section 1225(b)(1) of this title[.]" 8 U.S.C. § 1252(a)(2)(A)(i). The statute does allow for judicial review in habeas corpus proceedings of determinations made under Section 1225(b)(1), applicable to expedited removal, but states that such review "shall be limited to determinations of—(A) whether the petitioner is an alien, (B) whether the petitioner was ordered removed under [§ 1225(b)(1)], and (C) whether the petitioner can prove . . . that the petitioner is [a lawful permanent resident], has been admitted as a refugee . . . or has been granted asylum[.]" *Id*. § 1252(e)(2).

In the Petition before this Court, Petitioner seeks judicial review of determinations made under Section 1225(b)(1). Specifically, he claims he is not eligible for expedited removal because he has been continuously present in the United States for more than two years, such that Section 1225(b)(1)(iii)(II) does not apply to him. He also claims he is exempt from the expedited removal provisions because he was paroled into the United States as a matter of law, citing *Jennings v. Rodriguez*, 583 U.S. 281, 288 (2018). *See* Am. Pet. at 14–17. And Petitioner challenges his detention under the expedited removal provisions. *Id*. at 19. Thus, he seeks this Court's review of the Immigration authorities' determinations as to each of these issues.

This Court agrees with Respondents that the jurisdiction-stripping provisions of Sections 1252(a) and (e)(2) apply to bar Petitioner's habeas petition.

9

Initially, as to Petitioner's challenges to the applicability of the expedited removal provisions to him, the parties agree that those challenges do not fall within any of the three bases for review set forth in Section 1252(e)(2). That is, he does not challenge the determination of whether he is an alien, whether he was ordered removed, or whether he can prove he is an alien who was lawfully admitted for permanent residence, has been admitted as a refugee, or has been granted asylum. Therefore, review of Petitioner's habeas petition is foreclosed by the plain language of the jurisdiction-stripping provisions of Sections 1252(a) and (e)(2). *See Torrez v. Swacina*, No. 20-20650-CIV-Altonaga, 2020 WL 13551822, at *3–4 (S.D. Fla. Apr. 17, 2020) (finding court lacked jurisdiction to review petitioner's habeas challenge to expedited removal proceedings based on challenge to determination of whether he had previously been removed)[3]; *Diaz Del Cid*, 394 F. Supp. 3d at 1345 (finding challenge to timing of credible fear interview foreclosed by Section 1252(e)).

Likewise, because Petitioner's detention arises from and is related to the expedited removal order, review of his challenge to his detention is also foreclosed by Sections 1252(a)

---

[3] The district judge in *Torrez* pointed out that the respondents' position that review of expedited removal determinations is precluded by Section 1252(e) is "well supported." 2020 WL 13551822, at *3–4 (citing 8 U.S.C. § 1252(e)(2); *Garcia v. Warden, Stewart Det. Ctr.*, 774 F. App'x 522, 524 (11th Cir. 2019) (noting 8 U.S.C. section 1252(e)(2) did not authorize the court to hear the petitioner's argument that he qualified for cancellation of removal, a form of immigration relief, set forth in the petitioner's habeas petition); *Pineda v. Customs & Border Prot.*, 544 F. App'x 925, 926 (11th Cir. 2013) (finding "it was undisputed that officials removed [the petitioner] on an expedited basis after a CBP officer determined she was an intending immigrant without an immigrant visa ... [and] [t]he INA bars judicial review of any claim arising from or relating to the implementation or operation of an expedited removal order[.]" (citation omitted)); *Vazquez-Ramirez v. U.S. Attorney Gen.*, 707 F. App'x 626, 629 (11th Cir. 2017) (citing 8 U.S.C. 1252(e)(2) and (3) and noting "[j]udicial review of an order [of expedited removal] is limited to narrow circumstances"); *Lucas v. U.S. Attorney Gen.*, 652 F. App'x 854, 858 (11th Cir. 2016) ("[E]xpedited removal orders issued pursuant to 8 U.S.C. [section] 1225(b)(1) are not subject to judicial review except in very limited circumstances not applicable here." (citations removed))).

and (e)'s limiting provisions. *See Osorio-Martinez v. Att'y Gen. United States of Am.*, 893 F.3d 153, 165 (3d Cir. 2018) ("'Relating to' is typically construed as having a broad, expansive meaning, including in the immigration context.") (citing *Morales v. Trans World Airlines, Inc.*, 504 U.S. 374, 383 (1992) ("The ordinary meaning of these words ['relating to'] is a broad one."); *Aguilar v. U.S. Immigration. & Customs Enf't Div. of Dep't of Homeland Sec.*, 510 F.3d 1, 10 (1st Cir. 2007) (suggesting that, for purposes of a different provision of § 1252, "relating to" could be used to mean "to sweep within its scope claims with only a remote or attenuated connection" to the underlying removal)). As the Third Circuit explained in *Osorio-Martinez,* "'arising from or relating to' must be interpreted broadly because we are reading the phrase in the context of a statutory scheme that is 'aimed at protecting the Executive's discretion from the courts.'" *Id.* (citing *Reno v. Am.-Arab Anti-Discrimination Comm.*, 525 U.S. 471, 486 (1999)).

Thus, this Court agrees with Respondents that under the plain language of Sections 1252(a) and (e), this Court does not have jurisdiction to review any of the bases upon which Petitioner seeks this Court's review.

### B. The Suspension Clause.

Petitioner argues that the narrow scope of habeas review provided by Section 1252(e)(2) is unconstitutional because it violates the Suspension Clause of the United States Constitution.[4] The Suspension Clause states that "[t]he Privilege of the Writ of Habeas

---

[4] To determine whether a jurisdiction-stripping statute violates the Suspension Clause, the Court proceeds through the two-step analysis that the Supreme Court announced in *Boumediene v. Bush*, 553 U.S. 723 (2008). The Court first determines "whether a given habeas petitioner is prohibited from invoking the Suspension Clause due to some attribute of the petitioner or to the circumstances surrounding his arrest or detention." *Castro*, 835 F.3d at 445 (citing *Boumediene*, 553 U.S. at 739). Then, if the petitioner is not prohibited from invoking the clause, the Court "turn[s] to the question whether the substitute for habeas is adequate

Corpus shall not be suspended, unless when in cases of Rebellion or Invasion the public Safety may require it." U.S. Const. art. 1, § 9, cl. 2.

1. <u>Petitioner's Challenges to Respondents' Determination That He Qualifies For Expedited Removal</u>.

First, insofar as Petitioner's challenges to whether he qualifies for expedited removal are concerned, this Court finds that these challenges fall within the Supreme Court's Opinion in *Department of Homeland Security v. Thuraissigiam*, 591 U.S. 103 (2020), in which the Supreme Court rejected a claim that Section 1252(e) violates the Suspension Clause based on a challenge to a denial of asylum. In *Thuraissigiam,* the petitioner, who was in expedited removal proceedings, sought habeas review of an Immigration Judge's determination that he was not entitled to asylum on credible fear grounds. *Id.* at 114–15. After the district court determined that it lacked jurisdiction to consider the habeas petition based on Section 1252(e), the petitioner challenged the constitutionality of the statute on grounds it violates the Suspension Clause. *Id.* The Supreme Court held that the petitioner's Suspension Clause argument failed "because it would extend the writ of habeas corpus far beyond its scope 'when the Constitution was drafted and ratified.'" *Id*. at 107 (quoting *Boumediene v. Bush*, 553 U.S. 723, 746 (2008)). The Court explained that the Suspension Clause protects the writ of habeas corpus as it existed in 1789, when the Constitution was adopted, and that at that time, the writ "simply provided a means of contesting the lawfulness of restraint and securing release." *Id.* at 117. Because Thuraissigiam was not seeking release, he did not show that the statute

---

and effective to test the legality of the petitioner's detention (or removal)." *Id.* at 445 (citing *Boumediene*, 553 U.S. at 739). For the reasons explained herein, this Court finds Petitioner does not get past the first step under the circumstances presented here. *See Diaz Del Cid*, 394 F. Supp. 3d at 1347.

12

violated the Suspension Clause as applied to him where he complained only of the suspension of his right to habeas review of the immigration court's determination of whether he qualified for asylum.

Likewise, to the extent that Petitioner here complains of the Respondents' determination that he qualifies for expedited removal, under *Thuraissigiam*, the suspension of his right to seek habeas review of that determination does not implicate or violate the Suspension Clause.

2. Petitioner's Challenge To His Detention.

The next issue, then, is whether the statute's bar to habeas review of Petitioner's detention violates the Suspension Clause. The undersigned agrees with Petitioner that the *Thuraissigiam* opinion does leave room for a Suspension Clause challenge to the limitation of habeas review of issues involving detention. However, Petitioner's challenge to the statute nevertheless does not present a Suspension Clause violation as applied to him.

The Supreme Court's analysis in *Thuraissigiam* is again instructive. In *Thuraissigiam*, the petitioner, who was in expedited removal proceedings, did not seek release from detention but, instead, sought a change in his status based on a claim of credible fear so that he could remain lawfully in the United States. As the Court points out, Thuraissigiam did not dispute that "confinement during the pendency of expedited asylum review, and even during the additional proceedings he seeks, is lawful." *Id*. at 118. As the Court further points out, "Nor could he." *Id*. That is, because he was apprehended in the very act of attempting to enter this country, he was inadmissible because he lacks an entry document (citing INA §§ 1182(a)(7)(A), 1225(b)(1)(A)(i), and, under those circumstances, his case qualified for the expedited review process, including mandatory detention during his credible fear review

13

(citing §§ 1225(b)(1)(B)(ii), (iii)(IV)). *Id*. Although Petitioner here disputes that he qualifies for expedited review, he is otherwise very similarly situated to Thuraissigiam. Nevertheless, because the issue before the *Thuraissigiam* Court was not whether Thuraissigiam could seek habeas review of his detention, the opinion does not dictate that the statute does not violate the Suspension Clause by precluding review of Petitioner's challenge to his detention. But the *Thuraissigiam* Court's analysis of the Suspension Clause in the context of Section 1252(e)(2) does lead this Court to the conclusion that Section 1252(e)(2) does not violate the Clause in so far as the facts of this case are concerned.

As the Court explained in *Thuraissigiam*, the determination of whether the statute violates the Suspension Clause is made based on the scope of the writ of habeas corpus at the time the Suspension Clause was adopted. 591 U.S. at 116. And, as the Court further explained, the traditional function of the writ was to secure release from "illegal" custody. *Id*. at 117 (citing 3 W. Blackstone, Commentaries on the Laws of England 137 (habeas was a means to "remov[e] the injury of unjust and illegal confinement"); 3 Commentaries on the Constitution of the United States § 1333, p. 206 (1833) (Habeas "is the appropriate remedy to ascertain . . . whether any person is rightfully in confinement or not."); *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973) ("It is clear . . . from the common-law history of the writ . . . that the essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and that the traditional function of the writ is to secure release from illegal custody"); *Wilkinson v. Dotson*, 544 U.S. 74, 79 (2005) (similar); *Munaf v. Geren*, 553 U.S. 674, 693 (2008) (similar)). In short, the writ was meant to provide for review of whether custody is *illegal*.

Here, Petitioner does not dispute nor does he challenge that detention is authorized in expedited removal proceedings, "pending a final determination of credible fear of persecution

and, if found not to have such a fear, until removed." *See* Reply at 1, n.1 (citing § 1225(b)(1)(B)(iii)(IV)).[5] Nor does Petitioner argue that Section 1225(b)(1)(B)(iii)(IV) or detention pursuant to that statute is illegal. Thus, because Petitioner is presently in expedited removal proceedings, his detention is not *illegal*, but, instead, is permitted under the expedited removal statute.[6] As such, Petitioner does not challenge his inability to seek habeas review of what he contends is *illegal* detention, and, therefore, he is not challenging the suspension of his habeas rights as those rights were understood when the Suspension Clause was drafted. Instead, Petitioner seeks review of the basis for his detention, that is, Respondents' determination that he qualifies for expedited removal. Under 1252(e), that determination is not reviewable by a writ of habeas corpus, and, as the Supreme Court held in *Thuraissigiam*, the suspension of that review does not violate the Suspension Clause.

In other words, although the suspension of the right to seek habeas review of the legality of detention may implicate the Suspension Clause, that is not what Petitioner seeks review of by way of his habeas Petition. He seeks review of the Respondents' determination that he qualifies for expedited removal because, if he does, he is being legally detained. But, based on the Court's opinion in *Thuraissigiam*, the suspension of the ability to seek habeas review of the Respondents' determination does not violate the Suspension Clause. Therefore,

---

[5] Petitioner likewise acknowledges that 8 CFR § 235.3(b)(2)(iii) also provides for detention pending determination of admissibility and removal. Reply at n.1.

[6] As Petitioner is presently in expedited removal proceedings and no final order of removal has been entered, the decision to detain him appears to be discretionary. Although it is not the case here, as at least one court in this District has observed, if the decision to detain Petitioner is the result of a warrant issued by the Attorney General, that decision is not subject to review. *See Dos Santos v. Meade*, Case No. 20-cv-22996-Gayles, 2020 WL 6565212, *3 (S.D. Fla. Nov. 9, 2020).

as applied to Petitioner's circumstances and the issues he raises in his habeas Petition, Section 1252(e) does not violate the Suspension Clause.

The authorities relied on by Petitioner in support of his claim that the statute violates the Suspension Clause are unavailing. In *Ibrahim v. Acosta*, No. 17-cv-24574, 2018 WL 582520, at *5–6 (S.D. Fla. Jan. 26, 2018), the court did find that it retained limited jurisdiction under the Suspension Clause, but the court stressed that its ruling was based on the "unique circumstances" of that case – none of which are presented here. To the contrary, Petitioner's circumstances are not exceptional, and his presence in the United States for the last three years while in removal proceedings does not change that. *See, e.g.*, *Cabrera v. U.S. Dep't of Homeland Sec.*, No. 24-cv-3079, 2025 WL 1009120 (7th Cir. Apr. 4, 2025) (affirming dismissal of petition challenging expedited removal despite the petitioner's claim of two years' physical presence). *Cf. Osorio-Martinez*, 893 F.3d at 166 (children granted Special Immigrant Juvenile ("SIJ") status); *Agarwal v. Lynch*, 610 F. Supp. 3d 990, 1004 (E.D. Mich. 2022) (petitioner lived lawfully in the United States for nearly 10 years and reentered with a valid visa). Here, Petitioner has not offered anything about his circumstances that distinguishes him from the cases in which courts consistently find a lack of subject matter jurisdiction to review determinations by Immigration authorities in expedited removal proceedings. *Accord Quintero v. Field Off. Dir. of Miami ICE Field Off.*, No. 25-cv-22428-CMA, ECF No. 25 (S.D. Fla. June 23, 2025).

Accordingly, Petitioner has not shown that Section 1252(e), as applied to him, violates the Suspension Clause, and this Court lacks subject matter jurisdiction over Petitioner's Amended Petition.

## IV.     DUE PROCESS

Petitioner also asserts that he is entitled to due process and that his detention violates his due process rights in light of the fact that he has resided in and established ties in the United States for the last three years.

This Court agrees that Petitioner does have due process rights. As discussed herein and on the record at the hearing before this Court, Petitioner does not deny that he is presently here illegally and that he has been afforded hearings before the Immigration Court as well as at least two credible fear interviews thus far. Petitioner has not provided any authority that demonstrates that his detention for the last month, approximately, pursuant to Section 1225(b)(1)(B)(iii)(IV), violates due process. To the contrary, there is ample authority for the principle that detention, even for far longer periods, pending immigration proceedings does not violate due process rights. *See, e.g.*, *O.D. v. Warden, Stewart Det. Ctr.*, No. 4:20-CV-222-CDL-MSH, 2021 WL 5413968, at *5 (M.D. Ga. Jan. 14, 2021), *report and recommendation adopted*, 2021 WL 5413966 (M.D. Ga. Apr. 1, 2021) (denying due process challenge to nineteen months in immigration custody, nothing, "a significant factor weighing against a finding that Petitioner's detention has become unreasonably prolonged is the fact that he has been provided with a bond hearing, a custody re-determination, and BIA *de novo* review of the [Immigration Judge]'s custody decision"); *Sigal v. Searls*, No. 1:18-CV-00389, 2018 WL 5831326, at *5, 9 (W.D.N.Y. Nov. 7, 2018) (denying habeas relief to petitioner detained for seventeen months after "tak[ing] into account all of the factual circumstances"); *see also Hylton v. Shanahan*, No. 15-CV-1243-LTS, 2015 WL 3604328, at *6 (S.D.N.Y. June 9, 2015) (detention without bail for roughly two years did not violate due process); *Luna-Aponte v. Holder*, 743 F. Supp. 2d 189, 197 (W.D.N.Y. 2010) (three years).

As Respondents point out, Petitioner has not submitted evidence that he has been detained for any other purpose than resolution of his removal proceedings. *See* Resp. at 17–18.

Taking into consideration all of the circumstances presented here, this Court finds Petitioner has not shown a basis for finding that his due process rights have been violated as the result of his detention.

## V. CONCLUSION

For the reasons set forth above, based on 8 U.S.C. §§ 1252(a) and (e), this Court lacks subject matter jurisdiction to consider Petitioner's Amended Petition for a Writ of Habeas Corpus. And this Court finds that, under the circumstances presented, Petitioner has not demonstrated that § 1252(e), as applied to him, violates the Suspension Clause. Nor has Petitioner demonstrated that his detention violates his due process rights. Therefore, his Amended Petition must be dismissed.

Further, this Court cannot grant the injunctive relief sought by Petitioner under the circumstances presented because the dispute in this case concerns the Respondents' determination of whether Petitioner is subject to expedited removal, and, therefore, this Court is precluded from review of that determination. *See* 8 U.S.C. §§ 1252(a) and (e).

Accordingly, it is hereby

**ORDERED AND ADJUDGED** as follows:

1. Petitioner's Amended Petition for Writ of Habeas Corpus **[ECF No. 4]** is **DISMISSED**.

2. Petitioner's Emergency Motion **[ECF No. 17]** is **DENIED**.

The Clerk is directed to CLOSE this case, and any pending motions are denied as moot.

**DONE AND ORDERED** in Chambers in the Southern District of Florida, this 23rd day of June, 2025.

_____
**MELISSA DAMIAN**
**UNITED STATES DISTRICT JUDGE**

cc:  Counsel of Record